## Stanger v. Borough of West View

*Frank W. Ittel* and *Henry Cooper, 2d,* for plaintiff.
*Harry M. Montgomery,* for defendant.

KENNEDY, J., April 29, 1938.—According to the allegations in the statement of claim, plaintiff, C. Clyde Stanger, was a member of the Volunteer Fire Department of the Borough of West View on and before January 28, 1936.

The Borough of West View, under its ordinance No. 176, exhibit A, attached to the statement of claim, authorizes the organization and functioning of a volunteer fire department in said borough. This ordinance permits the payment of a salary to the chief of the fire department, and delegates to him certain responsibilities and

also considerable authority in the selection of the personnel.

On January 28, 1936, plaintiff sustained injuries in answering an alarm as a member of the fire department of the defendant borough and presumably sustained these injuries in line of duty, because it is averred in the statement of claim and also in the affidavit of defense raising questions of law, that compensation and reimbursement for medical and other attention was allowed by the Workmen's Compensation Board and paid by the defendant borough, or its carrier company.

This is a suit in assumpsit based on the Act of June 28, 1935, P. L. 477, which reads as follows:

"Section 1. Be it enacted, &c., That any policeman or fireman of any city (except of the second class A), borough, town or township, who is injured in the performance of his duties and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the municipality, by which he is employed, his full rate of compensation until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by such municipality.

"Section 2. No absence from duty of any such policeman or fireman by reason of any such injury shall in any manner be included in any period of sick leave, allowed such policeman or fireman by law or by regulation of the police or fire department by which he is employed."

Plaintiff sets forth in the declaration that as a result of his injuries he has been compelled to incur doctor bills in the sum of $500 and hospital expenses in the sum of $695.50. The Workmen's Compensation Board, on petition that plaintiff was totally disabled, directed that the defendant borough pay the sum of $100 in reduction of the doctor's bills and the sum of $148 in reduction of the hospital bill, being the services rendered to plaintiff, a volunteer fireman, during the first 30 days after date of

injury. The balance claimed for in the statement is for medical attention and hospitalization, 30 days after the date of the accident.

West View Borough, the defendant, has filed an affidavit of defense raising questions of law to the effect that the volunteer fireman was not an employe of the borough at the time of the injuries complained of and within the meaning of the provisions of the Act of 1935, supra. It is our opinion that the fact that plaintiff in this action under the borough ordinance was not on a salary in no way would preclude him from invoking the provision of the act. It is true that part of section 1 states that during the incapacity of the injured policeman or fireman, he shall be paid by the municipality his full rate of compensation until the disability has ceased. However, the act certainly never intended that a volunteer fireman who was not receiving a salary should not come within the provisions of the last sentence of section 1, which states that "All medical and hospital bills, incurred in connection with any such injury, shall be paid by such municipality".

Defendant borough does not claim that the Act of 1935 is not binding upon it. It would not only be illogical but would be putting a strained construction upon the intent of the General Assembly in passing the Act of 1935, which includes all types of municipalities except cities of the second class A, to say that because volunteer firemen were not receiving a compensation, a salary, or had some payroll association with the borough, the act was not to be applied to such an injured volunteer fireman. There have been no cases cited, nor does defendant borough claim that the act upon which this suit is brought is unconstitutional, as being class legislation, nor is there any claim made that the act is to be administered by the Workmen's Compensation Board.

The Workmen's Compensation Board has performed its duties and defendant borough has submitted to its ruling. It is our opinion that this is an independent act

that allows original jurisdiction in the court of common pleas, without first recourse to the Workmen's Compensation Board, particularly where credits are allowed, as set forth in the statement of claim, for compensation awarded by that board.

The affidavit of defense raising questions of law will therefore be set aside. The case should be tried on its merits.

### Order

And now, April 29, 1938, rule ex parte defendant for judgment on affidavit of defense raising questions of law is refused. Defendant is granted 15 days to file an affidavit of defense, if it so desires, otherwise the case shall be put on the issue docket.